*In re* ESTATE OF C.M. WASSON, Deceased—(Barbara Wasson Thulin, Petitioner-Appellant, *v.* Olive Louise Evans, Petitioner-Appellee).

Fifth District   No. 82—727

Opinion filed August 29, 1983.

Feirich, Schoen, Mager, Green & Associates, of Carbondale, for appellant.

George B. Lee and Charles R. Jelliffe, both of Jelliffe & Ferrell, of Harrisburg, for appellee.

JUSTICE JONES delivered the opinion of the court:

This action was brought on two separate petitions for the appointment of a successor trustee to replace a deceased trustee of the C.M. Wasson testamentary trust. The petitioners are two sisters, granddaughters of the testator, who had been serving with a third sister as trustees of the trust until the latter's death. Upon their inability to agree as to a successor trustee, each of the sisters petitioned the court to appoint a trustee of her choice. The trial court granted appellee Olive Evans' petition to appoint Stephanie Douglas Fletcher, daughter of the deceased sister, as trustee and denied appellant Barbara Thulin's petition to appoint a professional trustee. On appeal petitioner Thulin contends that this appointment constituted an abuse of discretion. We affirm.

The trust in question was established by the will of C.M. Wasson dated December 2, 1933. In his will Wasson designated three persons to serve as executors and trustees of his estate. The will provided that in the event of a vacancy on the board of trustees, the remaining trustees would select a trustee to fill that vacancy. The will further provided that these executors and trustees were to receive as compensation for their services an annual salary of not more than $100 and not less than $50, as fixed and determined by the board of trustees. The trust created under the will was to remain in effect until 20 years after the death of the testator's son, Loran Wasson. The testator died in May 1945, and his will was thereafter admitted to probate.

Loran Wasson, the testator's son, died in 1971 and left surviving him three daughters: Olive Evans of Denver, Colorado, Carolyn Douglas of Knoxville, Tennessee, and Barbara Thulin of Denver, Colorado. These three daughters, or their descendants *per stirpes*, are the sole beneficiaries of the trust under the will. The trust property consists largely of stocks and securities, including substantial stock in the First National Bank of Harrisburg, Illinois, and real estate located in Saline County, Illinois.

Olive Evans became a member of the board of trustees sometime prior to 1971, and Carolyn Douglas and Barbara Thulin became trustees in 1971 when Loran Wasson died. A conflict subsequently developed among the three trustees, and on December 29, 1980, Barbara Thulin filed suit against her two sisters, alleging that they had improperly conducted trust business without her consent. A second suit for accounting was brought by Barbara Thulin against her sisters and

was consolidated with the first action.

While this litigation was pending, Carolyn Douglas, one of the three sister trustees and beneficiaries, died suddenly on July 29, 1982. The surviving sisters, Olive Evans and Barbara Thulin, were unable to agree as to a successor trustee. On August 24, 1982, Olive Evans petitioned for the appointment of Stephanie Douglas Fletcher, a daughter of the deceased Carolyn Douglas, to replace her mother on the board of trustees. The other children of Carolyn Douglas indicated their consent to such an appointment in signed statements accompanying the petition.

Barbara Thulin filed an objection to the appointment of Stephanie Fletcher, contending that Ms. Fletcher would be unable to perform the duties of a trustee because of the distance of her residence in Knoxville, Tennessee, from the location of trust assets, her full-time work as a school teacher and mother of small children, her lack of business experience, and her recent surgery for the removal of a pituitary gland. Ms. Thulin further objected on the grounds that Stephanie Fletcher was an interested person who should not be appointed because of the present ill-feelings and litigation on the part of the other trustees.

Barbara Thulin then filed her own petition for appointment of a trustee in which she stated that it would be in the best interests of the trust and its beneficiaries for the court to appoint a professional trustee to fill the vacancy created by her sister's death. She specifically requested the court to appoint the First National Bank of Denver, Denver, Colorado, and to approve compensation for this trustee according to the bank's established fee schedule.

At a hearing held on both petitions, Barbara Thulin testified that she objected to the appointment of Stephanie Fletcher as trustee because it would perpetuate the schism that had developed in her family since the three sisters had become trustees. She stated that her two sisters had sought to exclude her from the management of trust business and that since 1972 they had consulted her regarding investment decisions "only on the rarest occasions." During that time, she testified, approximately 90% of the stock transactions had been handled by her sister Olive and 10% had been handled by her sister Carolyn. Ms. Thulin was of the opinion that Stephanie Fletcher considered herself to be an ally of Olive Evans and that her (Stephanie's) appointment would thus fail to alleviate familial tensions among the trustees.

In further testimony Barbara Thulin reiterated her objections to Stephanie Fletcher's appointment because of her health and her lack of business experience. Testifying on her own behalf, Ms. Fletcher

stated that she had had surgery within the last year to remove a benign tumor from her pituitary gland but that she was not at present disabled in any way. A letter from Ms. Fletcher's physician was introduced to the effect that Stephanie Fletcher had made a full recovery from her surgery and would be able to hold any type of full-time employment. Ms. Fletcher testified that she is 29 years old with a college degree in education and that she has had no experience in business management or in securities investing.

At the conclusion of the hearing, the trial court appointed Stephanie Fletcher as the third trustee of the C.M. Wasson trust and denied Barbara Thulin's petition to appoint the First National Bank of Denver as successor trustee. It is from this judgment that the instant appeal is taken.

Petitioner Thulin asserts initially that the court in the instant case was empowered, by virtue of its equitable jurisdiction over trusts, to appoint a professional trustee despite the restriction on trustee fees contained in the testator's will. She contends that the court should have exercised its discretion to appoint a professional trustee because conditions have so changed since the beginning of the trust that some other course of management is necessary to preserve the purpose of the trust. In particular, she notes that the business of the trust is now handled almost entirely by one trustee, Olive Evans, rather than by a board of three trustees as intended by the testator. Since this situation requiring the appointment of a professional trustee was not contemplated by the testator when he made his will, petitioner Thulin contends that the court should have disregarded the provision for compensation of trustees under the will and should have directed the appointment and payment of a professional trustee.

■■ ■ It is well established that a court of equity possesses very broad discretion in the appointment of successor trustees. (*Stone v. Baldwin* (1952), 347 Ill. App. 128, 106 N.E.2d 379, *rev'd on other grounds* (1953), 414 Ill. 257, 111 N.E.2d 97.) In making such appointments, the court, on a petition to appoint one trustee, may appoint another, may appoint a trust company in place of an individual trustee, may appoint a sole trustee instead of several trustees, or may otherwise increase or decrease the number of trustees. (*Stone v. Baldwin.*) This discretion, however, is not arbitrary but is subject to clearly defined rules. (*Steger v. Northen* (1923), 229 Ill. App. 529.) Thus, the court in making such an appointment should consider the intention of the creator of the trust, the interests and wishes of the various beneficiaries, and the promotion of the proper administration of the trust. (*Steger v. Northen; Stone v. Baldwin;* 35 Ill. L. & Prac.

*Trusts* sec. 104 (1958); Restatement (Second) of Trusts sec. 108 (1959).) The court's decision in this regard will not be disturbed absent a showing of an abuse of discretion in making the appointment. *Barnhart v. Barnhart* (1953), 415 Ill. 303, 114 N.E.2d 378.

█ Applying the above rules to the instant case, we do not believe the trial court abused its discretion in failing to appoint a professional trustee as requested by petitioner Thulin. The intent of the testator, so far as it may be ascertained from his original selection of individual trustees and his specific limitation of trust fees, seems to be for the trust to be administered by individual persons rather than by a professional trustee. Thus, while the trustee fee restriction would not preclude the appointment of a professional trustee in the proper circumstances, it is indicative of the testator's intent in this regard. As for the wishes of the beneficiaries, the record is clear that only petitioner Thulin desired the appointment of a professional trustee. While she asserts that such an appointment is necessary to promote the best interests of the trust estate, there has been no showing that the trust cannot be properly administered by individual as opposed to professional trustees.

The rule of *Marsh v. Reed* (1900), 184 Ill. 263, 56 N.E. 306, cited by petitioner Thulin in support of her argument that "changed conditions" require the appointment of a professional trustee, is inapposite to the case at bar. In *Marsh v. Reed* it was found that business conditions had so changed since the beginning of the trust in question that a provision in the testator's will limiting the trustee's power to lease the trust property rendered it "substantially unproductive." The court held that, in view of these changed conditions, it was necessary to enlarge the trustee's power to lease the property in order to fulfill the testator's purpose of providing income for the beneficiaries of the trust.

█ In the instant case no such necessity for the appointment and compensation of a professional trustee has been shown. Moreover, the "changed condition" asserted by petitioner Thulin—the domination of trust business by one trustee—is not the sort of unforeseen change contemplated by the *Marsh* court but is inherent in the system of trust administration set out by the testator himself. There is no question that all actual transactions of trust business have been concurred in by a majority or two out of three trustees as provided by the testator's will. In the absence of a showing of detriment to the trust estate or of irregularity in the management of trust business, the trial court properly denied petitioner Thulin's request for the appointment of a professional trustee.

■ Petitioner Thulin contends further that, notwithstanding the denial of her own petition, the court's appointment of Stephanie Fletcher as successor trustee constituted an abuse of discretion in itself. It is her position that because of the conflict between the current trustees and the pending litigation between them, the court erred in appointing an interested person such as Ms. Fletcher, who, as a beneficiary of the trust and daughter of a former trustee, would necessarily be embroiled in the conflict. Petitioner Thulin further asserts that the appointment of a family member was contrary to the intent of the testator as evidenced by his selection of two nonfamily members as original trustees.

While it is true as a general rule that a court should not appoint interested persons as trustees if there are others willing to accept the office (*Steger v. Northen*), this cannot be seen as error in the context of the instant case. Petitioner Thulin, herself an interested person, has served as trustee since 1971 along with the other two beneficiaries of the trust. Since she has acquiesced in this arrangement for over 10 years, she should not now be heard to complain merely because the appointment of Stephanie Fletcher will maintain the status quo. Similarly, Ms. Fletcher's appointment cannot be objected to on the grounds that the testator intended two out of three trustees to be nonfamily members. The record does not specifically indicate who served as trustees following the tenure of the original trustees, but it appears that at least two of the trustees were family members prior to 1971 when Ms. Thulin took her mother's place on the board. Thus, there is ample precedent for family members as trustees, and we find no merit in petitioner Thulin's arguments in this regard.

As for the additional circumstance that the trustees are currently involved in litigation in which Stephanie Fletcher would have an interest, we are not prepared to hold that the appointment of Ms. Fletcher constituted an abuse of discretion on this account. In *Stone v. Baldwin* (1953), 414 Ill. 257, 111 N.E.2d 97, the supreme court affirmed the trial court's appointment of a trustee despite that trustee's connection with litigation concerning the trust. The appellate court had reversed the trial court's appointment of an attorney who had represented the original trustee in a suit for accounting and his removal as trustee, stating that it would be in the best interest of the trust if the chancellor would appoint a disinterested party who had had no connection with the litigation. The supreme court held, however, that "the chancellor who presided in this matter *** was in much better position to pass upon the fitness of [the prospective trustee] as a cotrustee than any other judicial officer" and that "no

sufficient reason [had] been advanced for reversing the appointment made by the chancellor ***." 414 Ill. 257, 263, 111 N.E.2d 97, 100.

In the instant case we likewise decline to reverse the decision of the trial court who has had the superior opportunity to judge the fitness of the prospective trustee. Here, as in *Stone v. Baldwin*, many of the objections to the trial court's appointment consist of complaints concerning the current trustee's actions, which are unrelated to the qualifications of the successor trustee. Petitioner Thulin has failed to show that the trial court abused its discretion in appointing Stephanie Fletcher as trustee, and we accordingly affirm the judgment of the circuit court of Saline County.

Affirmed.

KARNS and KASSERMAN, JJ., concur.